## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— x
:
CATALYST PHARMACEUTICALS, INC.     :   Honorable Madeline C. Arleo, U.S.D.J.
and SERB SA,                       :
                                   :   Civil Action No. 23 CV 1197 (MCA)(JRA)
            Plaintiffs,            :
                                   :
v.                                 :   **STIPULATION AND ORDER**
                                   :
                                   :
LUPIN LTD., LUPIN INC., and LUPIN  :
PHARMACEUTICALS, INC.,             :
                                   :
            Defendants.            :
                                   :
———————————————————— x

This Stipulation is made by and between Plaintiffs, Catalyst Pharmaceuticals, Inc. and SERB, SA ("Plaintiffs") and Defendants Lupin Ltd., Lupin Inc., and Lupin Pharmaceuticals, Inc. (collectively, "Defendants").

WHEREAS, Plaintiffs filed suit against Defendants in the above-captioned action (the "Action"), which concerns, *inter alia*, Abbreviated New Drug Application ("ANDA") No. 217996;

WHEREAS, Defendants represent that Lupin Ltd. is the holder of ANDA No. 217996;

WHEREAS, Lupin Inc. is a wholly-owned subsidiary of Namoni B.V., and Namoni B.V. is a wholly-owned subsidiary of Lupin Ltd.;

WHEREAS, Lupin Inc. maintains that it is not a proper defendant in this Action;

WHEREAS, Plaintiffs maintain that Lupin Inc. is a proper defendant in this Action;

WHEREAS, resolution of such disagreement by motion practice will consume time and expense that Plaintiffs and Defendants wish to avoid by entering into this stipulation;

NOW THEREFORE, Plaintiffs and Defendants, by and through their respective undersigned counsel in the Action, and subject to approval of the Court, stipulate and agree as follows:

1.      Lupin Inc., including its affiliates and subsidiaries, agrees to be bound by any Judgment, Order, injunction, or decision in this Action, or in any appeal thereof, as if it was a named defendant.

2.      For the purposes of this Action only, Lupin Inc. agrees that it will not contest personal jurisdiction or venue in this Court for purposes of enforcing any such judgment, order, injunction, or decision, including the terms of this stipulation, against Lupin Inc. in this Action, and will not assert as a defense the entire controversy doctrine or any limitations-based defense in this Action.

3.      For the purposes of this Action only, Defendants stipulate that Lupin Inc.'s documents, witnesses, and information are in the custody of Lupin Ltd. and/or Lupin Pharmaceuticals, Inc. for purposes of discovery or requests for admission in this Action. Lupin Inc. agrees that to the extent it has in its possession, custody, or control information or materials that would be discoverable and responsive to discovery requests in this Action were it to remain a party to the Action, Lupin Inc. will search for and provide discovery to Lupin Ltd. and/or Lupin Pharmaceuticals, Inc. in response to discovery requests propounded on Lupin Ltd. and/or Lupin Pharmaceuticals, Inc. by Plaintiffs. Lupin Ltd. and/or Lupin Pharmaceuticals, Inc. agree to produce, on behalf of Lupin Inc., such discovery from Lupin Inc. in response to discovery requests served on Lupin Ltd. and/or Lupin Pharmaceuticals, Inc. in the Action. Plaintiffs may seek to depose employees of Lupin Inc. as if Lupin Inc. was named as a defendant in the Action. For any employee of Lupin Inc. who is noticed as a fact witness in this Action, the witness will be made

available for deposition at a mutually agreed-upon place upon notice pursuant to Fed. R. Civ. P. 30(b)(1) to Lupin Ltd. and/or Lupin Pharmaceuticals, Inc.; provided, however, that nothing herein shall limit Defendants' ability to object to or seek a protective order in response to any deposition notice, except that Defendants shall not make such an objection or seek such a protective order on the basis that Lupin Inc. is not a party to this Action. Accordingly, there will be no need for (a) service of subpoenas; or (b) for witnesses located outside the United States, adherence to the procedures of the Hague Convention or other methods of foreign service. Defendants will also accept Fed. R. Civ. P. 30(b)(6) deposition notices containing topics directed to information that may be held by Lupin Inc., and any witness presented in response thereto shall investigate information in the possession, custody, or control of Lupin Inc. Lupin Inc. further agrees to be bound by the resolution of discovery matters in this Action.

4.      Lupin Ltd. and Lupin Pharmaceuticals, Inc. agree that, for purposes of this Action only, they will not contest personal jurisdiction in the U.S. District Court for the District of New Jersey, and, as such, will not move to dismiss or transfer this Action on the grounds that the U.S. District Court for the District of New Jersey lacks personal jurisdiction over Lupin Ltd. and/or Lupin Pharmaceuticals, Inc. Lupin Ltd. and Lupin Pharmaceuticals, Inc. further agree that they will not contest venue in the U.S. District Court for the District of New Jersey in this Action and, as such, will not move to dismiss or transfer this Action based on venue. Lupin Ltd. and Lupin Pharmaceuticals, Inc. further agree that they will not assert any defense under Federal Rule of Civil Procedure 19 or otherwise assert that Lupin Inc. is a necessary party.

5.      None of the foregoing shall be interpreted to limit Plaintiffs' rights to discovery of Lupin Inc.

6.     Other than set forth herein, this stipulation does not constitute waiver of any objection or defense to, or any privilege or immunity from, the provision of discovery otherwise available to parties in an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

7.     Plaintiffs hereby dismiss without prejudice Lupin Inc. pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

8.     The terms of this stipulation are made without prejudice to any claims, defenses, or counterclaims that may be asserted in the Action, except with respect to the issues of personal jurisdiction, venue, and/or necessary parties addressed in Paragraphs 2 and 4 herein. The terms of this stipulation are made without prejudice to the respective positions of Plaintiffs and Defendants as to whether Lupin Inc. is a proper defendant in this Action.

9.     The case caption should be amended to remove Lupin Inc. as follows:

CATALYST PHARMACEUTICALS, INC. and SERB SA,

Plaintiffs,

v.

LUPIN LTD. and LUPIN PHARMACEUTICALS, INC.,

Defendants.

Honorable Madeline C. Arleo, U.S.D.J.

Civil Action No. 23 CV 1197 (MCA)(JRA)

SO STIPULATED:

Dated:  April 14, 2023

s/ Charles H. Chevalier                         s/ James S. Richter
Charles H. Chevalier                            James S. Richter
**GIBBONS P.C.**                                **MIDLIGE RICHTER LLC**
One Gateway Center                              645 Martinsville Road
Newark, New Jersey 07102                        Basking Ridge, New Jersey 07920
Tel: (973) 596-4500                             Tel: (908) 626-0622
cchevalier@gibbonslaw.com                       jrichter@midlige-richter.com

OF COUNSEL:                                      OF COUNSEL:


*Attorneys for Plaintiffs*                       Keith D. Parr (*pro hac vice*)
                                                Nina Vachhani (*pro hac vice*)
                                                Jacob C. Britz (*pro hac vice*)
                                                LOCKE LORD LLP
                                                111 South Wacker Drive
                                                Chicago, IL 60606
                                                (312) 443-0700

                                                Zhibin Li, PhD.
                                                LOCKE LORD LLP
                                                Brookfield Place, 200 Vesey Street, 20th Floor
                                                New York, New York 10281


                                                *Attorneys for Defendants*
                                                *Lupin Ltd., Lupin Inc., and*
                                                *Lupin Pharmaceuticals, Inc.*


SO ORDERED this ____ day of _____ 2023.


                                    _____
                                       Honorable Madeline C. Arleo, U.S.D.J.