**Midlige Richter**

JAMES S. RICHTER
Of Counsel
(201) 874-7325 (m)
jrichter@midlige-richter.com

May 2, 2025

**BY ECF**

Honorable José R. Almonte, U.S.M.J.
United States District Court
District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

> **Re:** ***Catalyst Pharmaceuticals, Inc. And SERB SA v. Lupin LTD., et al.*,**
> **Civil Action No. 2:23-cv-01197-MEF-JRA; and**
> ***Catalyst Pharmaceuticals, Inc. and SERB SA v. Annora Pharma***
> ***Private Limited, et al.*, Civil Action No. 2:23-cv-01194-MEF-JRA**

Dear Judge Almonte:

This firm, together with Buchanan Ingersoll & Rooney PC, represents Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. Please accept this letter on behalf of the Lupin Defendants in Civil Action No. 23-1197 and the Annora/Hetero Defendants in Civil Action No. 23-1194 regarding a scheduling dispute over the length of the deposition of Plaintiffs' expert, Jeffrey David Winkler, Ph.D. The parties met and conferred on April 23, 2025, and were not able to resolve this issue.

## I. <u>Defendants' Position</u>

The Lupin action (Civil Action No. 2:23-cv-01197) and Annora action (Civil Action No. 2:23-cv-01194) are not consolidated cases. In these actions, Plaintiffs made a tactical decision to rely on a single expert (Dr. Winkler) to opine on infringement and validity of the asserted '088 patent in both matters, yet have only agreed to produce Dr. Winkler for one day of deposition collectively for both matters. Dr. Winkler issued five expert reports on multiple distinct issues:

<u>Lupin Action (Infringement Reports)</u>

- Opening Expert Report of Jeffrey David Winkler, Ph.D., on Infringement of the '088 patent

- Reply Expert Report of Jeffrey David Winkler, Ph.D., on Infringement of the '088 patent (in response to Lupin's noninfringement expert Dr. W. Dichtel)







T. 908.626.0622
F. 908.626.0322

www.midlige-richter.com
info@midlige-richter.com

645 Martinsville Road
Basking Ridge, NJ 07920

Honorable José R. Almonte                                                                    May 2, 2025
                                                                                                  Page 2

> Annora Action (Infringement Reports)

- Opening Expert Report of Jeffrey David Winkler, Ph.D., on Infringement of the '088 patent

- Reply Expert Report of Jeffrey David Winkler, Ph.D., on Infringement of the '088 patent (in response to Annora's noninfringement expert Dr. D. Norwood)

> Lupin and Annora Actions (Validity Report)

- Rebuttal Expert Report of Jeffrey David Winkler, Ph.D., on Definiteness and Validity (in response to all of Defendants' joint invalidity experts and declarant, Dr. R. Perni, Dr. S. Lepore, and M. Dothage)

Plaintiffs should be required to present Dr. Winkler for two deposition days to ensure Defendants have a full and fair opportunity to depose Dr. Winkler. *See* Ex. 1, *United States of America et al., v. Pharmerica Corp. et al.*, No. 11-1326-ESK-AMD, D.I. 615 at 22 (D.N.J. Feb. 17, 2022) (explaining that "it's not unusual for experts in cases where there are significant reports to be deposed for more than seven hours" and ordering 10 hours total for deposition if the expert is not evasive); Ex. 2, *Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. 18-1043-LPS/KAJ, D.I. 215, 216 at ¶ 10(g)(3) (D. Del. Oct. 25, 2018) (ordering fourteen hours of deposition times for experts opining on both infringement and validity); Ex. 3, *The Gillette Co. LLC v. Dollar Shave Club, Inc.*, No. 15-1158-LPS-CJB, D.I. 648 (D. Del. Jan. 3, 2019) (ordering two expert depositions to be conducted over more than seven hours because "[w]hen an expert opines on infringement and invalidity the party retaining that expert should expect that a deposition of seven (7) hours may be insufficient").

Through the meet and confer process, Plaintiffs offered to present Dr. Winkler for one additional hour of deposition (for a total of 8 hours) *See* Ex. 4 (Apr. 15, 2025 Email from D. Guinn). During the telephonic meet and confer dated April 23, 2025, Plaintiffs' counsel made it clear that they would not offer any compromise other than limit the deposition to 8 hours. This offer, however, undermines and fails to acknowledge the complexity and scope of Dr. Winkler's infringement and validity reports. For his infringement opinions, Dr. Winkler submitted two reports (an opening and a reply) to each defendant, which rely on Defendants' respective confidential documents and testing of confidential samples. Lupin and Annora each need time to examine Dr. Winkler on these defendant-specific issues. Moreover, Dr. Winkler's rebuttal validity report alone responds to three separate reports/declarations from Defendants on distinct issues: Dr. Perni's Opening Expert Report on anticipation, obviousness, lack of written description, and lack of enablement; Ms. Dothage's Declaration on reproducing prior art; and Dr. Lepore's Opening Expert Report on indefiniteness.

The inequity in Plaintiffs' proposal is even more apparent in view of the fact that Plaintiffs deposed Dr. Lepore for approximately 4 hours on the single issue of indefiniteness on April 10,



Honorable José R. Almonte                                               May 2, 2025
                                                                          Page 3

2025, whereas, Dr. Winkler will be deposed on his five reports issued on (1) infringement with respect to Lupin, (2) infringement in response to Dr. Dichtel, (3) infringement with respect to Annora, (3) infringement in response to Dr. Norwood, and validity based on (4) anticipation, (5) obviousness, (6) prior art reproduction, (7) written description, (8) enablement, and (9) definiteness. Defendants should not be prejudiced or otherwise limited in their ability to depose Dr. Winkler on all the issues he addressed in his expert reports as a result of Plaintiffs' decision to use a single expert to opine on so many distinct issues.

Plaintiffs' argument regarding Dr. Winkler's February 8, 2024's deposition is a red herring. That deposition took place as part of the Markman proceedings, before expert discovery commenced. Moreover, Plaintiffs too took a deposition of Defendants' joint expert, Dr. Lepore, during the Markman proceedings who they again deposed for a second time in response to the opinions he offered during expert discovery.

In a footnote Plaintiffs raise that the Hetero Defendants initially accepted Dr. Winkler's deposition date without exception. What Plaintiffs fail to note is that Plaintiffs emailed each defendant *separately* regarding the deposition of Dr. Winkler (as well as the deposition of Dr. Blair), further supporting Defendants' position that there are defendant-specific issues that Dr. Winkler opined on requiring more than a single day of deposition for both defendants.

It is clear that Defendants Lupin and Annora are coordinating on the depositions. Defendants agreed to jointly depose Plaintiffs' second infringement expert, Dr. Blair, on May 16, even though Dr. Blair issued two reports on each of the defendants. Because the Defendants have separate non-infringement experts, Plaintiffs are able to depose each of those experts separately, for a total of 14 hours as well as Defendants' three invalidity experts/declarant for a total of 21 hours, yet because Plaintiffs used a single expert to respond both those five experts/declarant they think offering Dr. Winkler for an 8-hour deposition is "a compromise".

Defendants respectfully request the Court order Plaintiffs to present Dr. Winkler for deposition for two seven-hour days to provide Defendants sufficient time to examine him on his opinions on infringement and validity.

## II.    **Plaintiffs' Position**

Defendants have not and cannot show good cause for departing from the Federal Rules and requiring Dr. Winkler to sit for a two-day, 14-hour deposition. Fed. R. Civ. P. 30(d)(1); *id.*, Advisory Committee Notes to 2000 Amendment, Subdivision (d) (explaining that a party seeking more than a one-day, seven-hour deposition is expected to show good cause). Indeed, Defendants' request is unreasonable and unjustified for several reasons.

*First*, Defendants made no effort to confer in good faith on the amount of time they believed they actually needed to depose Dr. Winkler. When Defendants first raised an issue with the amount of time for Dr. Winkler's deposition, they asked that he be made available for a second



Honorable José R. Almonte                                           May 2, 2025
                                                                    Page 4

day "in the event the deposition cannot be finished in one day." Ex. 4 (Apr. 9, 2025 Email from Z. Li).[1] In an effort to compromise, Plaintiffs offered to extend the deposition to a total of eight hours. Defendants did not accept Plaintiffs' offer, nor did they ever indicate exactly how much time they believed they needed or why eight hours (or seven hours for that matter) would be insufficient. During the parties' subsequent telephonic meet-and-confer, Defendants still provided no justification for an extended deposition beyond the fact that Dr. Winkler served multiple reports and that both Defendants wanted to examine him. Nor did Defendants explain why they would or would not coordinate their examination of Dr. Winkler on the numerous issues that are common to both Defendants. Nor did Defendants provide even an estimate of how much time they believed they needed. Instead, Plaintiffs first learned of Defendants' purported need for a two-day, 14-hour deposition when Defendants provided a draft of this joint dispute letter. Defendants can hardly proffer that they made a good faith effort to resolve this dispute when they refused to provide an estimate of how much time they believed they actually needed during the conferral process.

*Second*, Defendants' demand for a two-day, 14-hour deposition is excessive and unwarranted. As a preliminary matter, Defendants make no mention of the fact that they already deposed Dr. Winkler for over four hours on February 8, 2024, on issues related to their indefiniteness invalidity defense. In view of the four hours Defendants have already spent deposing Dr. Winkler, Plaintiffs' compromise offer of an eight-hour additional deposition is more than reasonable.

Defendants also fail to acknowledge that all of Dr. Winkler's opinions concern a single asserted claim from a single patent. Submission of multiple reports is hardly unusual in a patent case. The reason Dr. Winkler submitted multiple reports in this case is that Defendants collectively used five different experts to offer various opinions on a single claim of one patent. For example, Dr. Winkler submitted one rebuttal report on validity and four reports on infringement (two opening and two reply). Dr. Winkler had to submit four infringement reports because Defendants elected to use separate infringement experts. And yet each of Dr. Winkler's infringement reports pertain to the same issue of infringement of the same asserted claim. Apart from Hetero and Lupin being different companies, there is extensive overlap in Dr. Winkler's opinions concerning infringement of each product. Thus, the fact that Dr. Winkler served multiple reports in and of itself does not justify a two-day, 14-hour deposition.

Defendants also argue that a two-day, 14-hour deposition is required because the Lupin and Hetero matters are not formally consolidated actions; this argument is disingenuous at best. Defendants have mounted a coordinated attack on the '088 patent throughout these cases, including sharing multiple experts on the '088 patent when it suited them. Having elected to mount

---

[1] Notably, the Hetero Defendants initially accepted Dr. Winkler's deposition date without exception, *see* Ex. 5 (Apr. 3, 2025 Email from K. Schaubert), before apparently deciding they needed more time and joining the Lupin Defendants in raising an issue over the deposition length, *see* Ex. 4 (Apr. 9, 2025 Email from Z. Li).



Honorable José R. Almonte                                          May 2, 2025
                                                                    Page 5

this coordinated attack on the '088 patent when convenient for them, Defendants should not be heard to complain when they are required to likewise coordinate their deposition of Dr. Winkler.

*Third*, Defendants' request for a two-day, 14-hour deposition is inequitable. Defendants argue that Plaintiffs made a "tactical decision" to rely on Dr. Winkler for infringement and validity of the '088 patent. And yet Defendants' say nothing of their own choice to bury Plaintiffs in eight expert reports from five different experts all for *one* claim of *one* patent. These reports are listed below:

| No. | Defendant(s) | Report | Pages* |
|-----|--------------|--------|--------|
| 1 | Joint | Opening Expert Report of Robert B. Perni, Ph.D. | 66 |
| 2 | Joint | Opening Expert Report of Salvatore D. Lepore, Ph.D., Regarding Invalidity of U.S. Patent No. 10,626,088 | 55 |
| 3 | Joint | Declaration of Mary M. Dothage | 15 |
| 4 | Lupin | Rebuttal Expert Report of William Dichtel, Ph.D., Regarding Noninfringement of U.S. Patent No. 10,626,088 | 29 |
| 5 | Hetero | Rebuttal Expert Report of Daniel L. Norwood, Ph.D. | 26 |
| 6 | Joint | Reply Expert Report of Robert B. Perni, Ph.D. | 21 |
| 7 | Joint | Reply Expert Report of Salvatore D. Lepore, Ph.D. | 17 |
| 8 | Joint | Reply Declaration of Mary M. Dothage | 8 |

*Excluding any exhibits, appendices, and/or attachments.

Defendants have not offered to make any of their experts available for 14-hour depositions. And their strategic decision to overload Plaintiffs with eight expert reports from five different experts does not justify subjecting Dr. Winkler to 14 hours of on-the-record deposition testimony for a *single* claim. Their decision to stack experts on one asserted claim in this manner does not warrant dragging Plaintiffs' expert into an excessively lengthy deposition.

*Fourth*, the case law cited by Defendants undermines their demand for a 14-hour deposition. For example, in *U.S. v. PharMerica Corp., et al.*, the defendant sought a 14-hour deposition of a damages expert but the court called that request "extreme." No. 11-1326-NLH-AMD, D.I. 615, Mot. Hr'g Tr. at 21:22–23 (D.N.J. Feb. 16, 2022). Instead, the court ordered "an additional three hours, for a total of ten hours . . . over the course of two days." No. 11-1326-NLH-AMD, D.I. 613, Order at 1–2 (D.N.J. Feb. 16, 2022). Defendants also cite to a scheduling order in *Novartis Pharms. Corp. v. Accord Healthcare Inc., et al.*, No. 18-1043-KAJ, D.I. 216, Scheduling Order ¶ 10(g)(3) (D. Del. Oct. 25, 2018) ("Each deposition of an expert witness shall be limited to a maximum of seven (7) hours, except that if an expert is testifying on both validity and infringement, then the expert may be deposed for up to an additional seven (7) hours."). However, that same scheduling order consolidated four separate matters into one, *id.* at 1–2, and the proceeding eventually involved more than 40 different defendants. Defendants also rely on *The Gillette Co. LLC v. Dollar Shave Club, Inc., et al.*, No. 15-1158-LPS-CJB, D.I. 648 (D. Del. Jan. 3, 2019). But they fail to acknowledge the relevant facts in that case. The Delaware court allowed



Honorable José R. Almonte                                      May 2, 2025
                                                                  Page 6

no more than 11 hours for the expert deposition in question, *id.*, not the 14 hours Defendants imply. Moreover, the expert's opinions pertained to seven different claims and related to infringement, invalidity, and damages. *Gillette*, C.A. No. 1-15-cv-1158-LPS-CJB, D.I. 646, Joint Letter at 2 (Jan. 2, 2019). But here, Defendants already took a four-hour deposition of Dr. Winkler on part of the invalidity issues in Dr. Winkler's reports. A seven-hour deposition would allow them a total of 11 hours of deposition time. Their request for 14 additional hours would result in Dr. Winkler being deposed for a total of 18 hours on issues relating to a single patent claim.

Defendants' have not shown good cause for departing from the Federal Rules and requiring Dr. Winkler to be deposed for 14 hours over two days. Accordingly, the Court should deny Defendants' request. Should the Court agree that some additional time is required notwithstanding Defendants deficient request, Plaintiffs respectfully request that the deposition be limited to a single day of not more than eight hours.

                                   ***

We thank Your Honor for your consideration of this request. Should Your Honor have any questions, we are available at your convenience.

                              Respectfully submitted,

                              s/ James S. Richter

                              James S. Richter

Encl.

Cc:    All Counsel (by ECF and email)



# Exhibit 1

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>APOTEX INC. AND APOTEX CORP., )<br><br>DEFENDANTS. ) | Civil Action No. 18-cv-01038-LPS |
| NOVARTIS PHARMACEUTICALS CORPORATION, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>TEVA PHARMACEUTICALS USA, INC. AND ACTAVIS ELIZABETH LLC, )<br><br>DEFENDANTS. ) | Civil Action No. 18-cv-01039-LPS |
| NOVARTIS PHARMACEUTICALS CORPORATION, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>SUN PHARMACEUTICAL INDUSTRIES, LTD. ET AL., )<br><br>DEFENDANTS. ) | Civil Action No. 18-cv-01040-LPS |
| NOVARTIS PHARMACEUTICALS CORPORATION, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>ACCORD HEALTHCARE INC., ET AL., )<br><br>DEFENDANTS. ) | Civil Action No. 18-cv-01043-LPS |

ME1 28408017v.1

Case 2:23-cv-01097-MEF-SJRA   Document 224   Filed 05/02/25   Page 10 of 46 PageID:
7695
Case 1:18-cv-01043-LPS-JRA   Document 210-1   Filed 10/23/18   Page 2 of 26 PageID #: 1072
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 2 of 26 PageID #: 628

**[PROPOSED] SCHEDULING ORDER**

Pursuant to the August 10, 2018 Oral Order (C.A. No. 18-cv-01043, D.I. 84), the parties[1]

have met and conferred as to the proposed scheduling order.  The parties have determined that

the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration.

IT IS ORDERED on this ___ day of _____ 2018 that:

The above-captioned matters shall be consolidated[2] for all pre-trial purposes.  This

consolidation shall have no impact on any issue of estoppel.  The parties are to file all papers on

the lead case docket above (C.A. 18-cv-01043-LPS).

1.     For purposes of this Scheduling Order, all defendants in the above-captioned

cases are referred to collectively as "Defendants."

2.     Apotex has moved the Court to stay the proceedings in *Novartis Pharm. Corp. v.

Apotex Inc. and Apotex Corp.* (C.A. 18-cv-01038-LPS) pending Federal Circuit review of the

Patent Trial and Appeal Board's final written decision in IPR No. 2017-00854 (D.I. 11)

("Apotex Stay Motion").  As such, Apotex's position is that its case should be stayed for all the

reasons set forth in the memorandum in support of the Apotex Stay Motion (D.I. 12).

3.     Defendants Nostrum Laboratories Inc., Nostrum Pharmaceuticals, LLC, MSN

Laboratories Pvt. Ltd, and MSN Pharmaceuticals Inc. (collectively Nostrum/MSN) intend to join

Apotex's motion and request the Court to stay the present case with respect to them.  As such, a

_____

[1]   Defendant Mylan Pharmaceuticals Inc. joins in the proposed Orders to facilitate discussions
     amongst the parties, without prejudice to the Court's decision on Mylan's pending motion to
     dismiss for improper venue in *Novartis Pharm. Corp. v. Accord Healthcare Inc.* (C.A. 18-cv-
     01043-LPS) (D.I. 118-120), or Mylan seeking alternative relief from the Court, if needed, in
     light of the Court's recent decision in *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA
     Inc.*, No. 17-374-LPS (D. Del. Oct. 18, 2018) (granting Mylan's motion to dismiss from
     Delaware for improper venue).

[2]   As set forth below, Apotex Inc. and Apotex Corp. (collectively "Apotex") have moved to
     stay proceedings of *Novartis Pharm. Corp. v. Apotex Inc. and Apotex Corp.* (C.A. 18-cv-
     01038-LPS).  In the event the Court denies this motion, Apotex is not opposed to the
     coordination of the above-captioned matters.

Case 2:23-cv-01074-MEF-JRA   Document 224   Filed 05/02/25   Page 11 of 46 PageID: 7696
Case 1:18-cv-01043-LPS-JRA   Document 210   Filed 10/23/18   Page 3 of 26 PageID #: 1078
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 3 of 26 PageID #: 629

stay would disrupt the scheduling in this case.  Nostrum/MSN therefore requests that a joint Scheduling Order in the present case not be entered as to Nostrum/MSN until the Apotex Stay Motion is decided.

4.      **Common Discovery.**  The parties shall coordinate activities to reduce duplicative and cumulative discovery that is common to all Defendants ("Common Discovery Issues"). Common Discovery Issues include, but are not limited to, claim construction and validity of the patent-in-suit.

5.      **Rule 26(a)(l) and Default Standard Para. 3 Initial Disclosures.**  The parties will exchange by **September 17, 2018** the information required by Fed. R. Civ. P. 26(a)(l) and Paragraph 3 of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard") identifying custodial search locations for electronic information.   The parties agree that materials containing a Defendant's Highly Confidential Information shall be served only on Plaintiff.

6.      **Service and Timing.**  The parties consent to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties agree that service on any party by email shall be made on both local and national counsel of that party.

7.      **Joinder of Other Parties and Amendment of Pleadings.**

(a)      All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **December 14, 2018.**

(b)      Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

(c)      Within **seven (7)** days after the filing of a motion in compliance with this Order. any party opposing such a motion shall file a responsive letter, not to exceed **five (5)** pages.

ME1 28408017v.1

        (d)      Within **three (3)** days thereafter, the moving party may file a reply letter, not to exceed **two (2)** pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

        8.      **Motions to Strike**

        (a)      Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed **three (3)** pages, describing the basis for the requested relief, and shall attach the document to be stricken.

        (b)      Within **seven (7)** days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed **five (5)** pages.

        (c)      Within **three (3)** days thereafter, the moving party may file a reply letter, not to exceed **two (2)** pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

        9.      **Motion(s) for Preliminary Relief**

        (a)      Plaintiff anticipates possible preliminary injunction proceedings in this matter, in view of the August 18, 2019 expiration date on U.S. Pat. No. 5,604,229, which this Court previously upheld as valid (C.A. 14-cv-01487-LPS, D.I. 309). The schedule herein envisions trial by March 2020, seven months after expiration of the '229 patent. Absent agreement from all Defendants to a stipulation and order precluding selling, offering for sale, marketing, or in any way acting on an approval from FDA for generic Gilenya before a full and final resolution of the present action, Plaintiff currently intends to file a preliminary injunction seeking such relief. To ensure that the Court has adequate time to consider and rule on any such motion, the parties shall adhere to the following procedures:

        (i)      Each Defendant Party shall notify Plaintiff no later than **January 2, 2019** whether or not that Defendant Party will agree to enter a stipulation and proposed order

4

ME1 28408017v.1

prohibiting the Defendant Party from selling, offering for sale, marketing, or in any way acting on an approval from FDA for generic Gilenya before the present action is resolved.

(ii)      If any Defendant Party has provided notice that it will not agree to such a stipulation and proposed order, then Plaintiff shall serve and file any motion for a preliminary injunction seeking such relief as to that/those Defendant Party(ies) no later than **February 2, 2019**. Plaintiff and all Defendants involved in preliminary injunction proceedings shall promptly confer and submit by January 15, 2019 a proposal for the length of briefing and format of PI hearing (i.e., oral argument or evidentiary hearing) for the Court's consideration. The Court will schedule an oral hearing on any such motion at a date to be determined, to permit full consideration of the motion and a ruling before the August 18, 2019 expiration date of the '229 patent.

(iii)      Any Party participating in preliminary injunction proceedings shall be permitted to submit evidence in support or opposition, including but not limited to documentary evidence, expert testimony, and fact witness testimony. Any Party submitting witness testimony shall make such witness(es) available for deposition at least two weeks after serving the witness(es)' testimony, and at least two weeks before the opposing parties' next papers are due. Any witness(es) submitted in support of Plaintiff's reply papers shall be made available for deposition at least a week before the oral argument date set by the Court.

(iv)      In the event preliminary injunction proceedings are begun, the Parties reserve the right to seek modification of all dates in the remainder of this schedule, to account for the need to devote resources to the preliminary injunction process. In the event a Party seeks to modify any date in this schedule, that Party shall meet and confer with the other Parties to attempt to reach agreement on any such modification. Any unresolved disputes shall be submitted pursuant to the Court's procedures for resolving discovery disputes.

(v)      Any party can move for leave to file a motion for summary judgment.

5

MEI 28408017v.1

Case 2:23-cv-01097-MEF-SRA   Document 224   Filed 05/02/25   Page 14 of 46 PageID: 7699
Case 1:18-cv-01043-LPS   Document 210   Filed 10/23/18   Page 6 of 26 PageID #: 1076
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 6 of 26 PageID #: 632

10.     **Discovery**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

(a)     **Order for Discovery of Electronically Stored Information ("ESI Order")**.  The parties shall meet and confer regarding a protocol for ESI.  If the parties are not able to reach agreement, they shall submit their dispute pursuant to the Court's procedure for discovery disputes by **October 23, 2018**.

(b)     **Discovery Cut Off.**  All fact discovery shall be commenced in time to be completed by **June 4, 2019**.  Requests for Admission shall not be considered "discovery" for purposes of the discovery cutoff, and shall be permitted at any time.

(c)     **Document Production.**

(1)     **Patent, File History, and Identification of Accused Products.** On or before **August 31, 2018**, Plaintiff shall produce the patent-in-suit, including its file history, and identify the accused products.

(2)     **ANDA and Related Documents.**  On or before **September 7, 2018**, Defendants shall produce any ANDAs seeking approval to market a generic version of Gilenya, including any amendments or supplements filed to date.

(3)     **Substantial Completion of Document Production.**  Discovery of paper and electronically-stored information shall be substantially completed on or before **January 15, 2019**.  No deposition shall be scheduled prior to that date.

(d)     **Requests for Admission.**  A maximum of **fifty (50)** common requests for admission are permitted for Plaintiff directed to all Defendants, and a maximum of **fifty (50)** common requests for admission are permitted for all Defendants directed towards Plaintiff.  No more than an additional **fifteen (15)** individual requests for admission are permitted for Plaintiff directed toward each Defendant Party, and no more than an additional **fifteen (15)** individual requests for admission are permitted for each Defendant Party directed towards Plaintiff. Notwithstanding the foregoing, there is no limitation on the number of requests for admission

ME1 28408017v.1

relating to the authenticity of documents, which shall be served in time to be completed prior to the close of fact discovery.

      (e)      **Interrogatories.**  A maximum of **twenty-five (25)** common interrogatories are permitted for Plaintiff directed to all Defendants, and a maximum of **twenty-five (25)** common interrogatories are permitted for all Defendants directed towards Plaintiff.  No more than an additional **ten (10)** individual interrogatories are permitted for Plaintiff directed toward each Defendant Party, and no more than an additional **ten (10)** individual interrogatories are permitted for each Defendant Party directed towards Plaintiff.  Contention interrogatories shall be served in time to permit responses on the schedule below in view of the time for responding to interrogatories set forth in Fed. R. Civ. P. 33.  The adequacy of the parties' respective contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      (1)      **Infringement Contentions and Production of NDA and IPR materials**.  On **October 31 2018**, Plaintiff shall serve their infringement contentions consistent with the requirements of Paragraph 4.c. of the Court's Default Standard of Discovery, as well as produce the NDA and IPR materials.

      (2)      **Invalidity Contentions**.  On **December 13, 2018**, Defendants shall serve their invalidity contentions consistent with the requirements of Paragraph 4.d. of the Court's Default Standard for Discovery.

      (f)      **Depositions.**

      (1)      **Limitation on Hours for Deposition Discovery**.  [~~Plaintiff's proposal:~~  Defendants may collectively take a maximum of **one-hundred (100)** hours of deposition testimony of up to **fifteen (15)** party and non-party fact witnesses, including no more than ~~ten (10)~~ twelve (12) hours for deposition testimony noticed under Fed. R. Civ. P. 30(b)(6).  Plaintiff may take a maximum of **twenty five (25)** hours of deposition testimony of up to 5 witnesses from each Defendant Party, including no more than **eight (8)** hours for any deposition noticed under Fed. R. Civ. P. 30(b)(6).  Plaintiff may take a maximum of **twenty five (25)** hours of

7

deposition testimony from non-party fact witnesses. ~~Unless otherwise agreed to by the parties, the deposition of an individual witness testifying in an individual capacity shall be limited to **seven (7)** hours. If a translator is required, each 1.5 hours of actual deposition time will count as 1 hour toward the total time permitted~~. If an individually-noticed deponent is also designated as a Rule 30(b)(6) witness, the Rule 30(b)(6) portion of that testimony shall not count towards the individual deposition time limit to the extent that the deponent has been designated to provide testimony that is unrelated to the deponent's personal knowledge.] **[Defendants' proposal:** ~~Defendants may collectively take a maximum of **one-hundred (100)** hours of deposition testimony of up to **fifteen (15)** party and non-party fact witnesses. Plaintiff may take a maximum of **twenty-five (25)** hours of deposition testimony of up to 5 witnesses from each Defendant Party. Plaintiff may take a maximum of **twenty-five (25)** hours of deposition testimony from non-party fact witnesses.~~ Unless otherwise agreed to by the parties, the deposition of an individual witness testifying in an individual capacity shall be limited to **seven (7)** hours, except for listed inventors of the patent who may be deposed for up to **fourteen (14)** hours. If a translator is required, each 2 hours of actual deposition time will count as 1 hour toward the total time permitted.]

(2) **Location of Depositions.** Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the Parties, and the parties intend to meet and confer on the location of each deposition. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(g) **Expert Discovery**. Expert discovery shall be commenced in time to be completed by **October 31, 2019.**

(1) **Expert Reports**. For the party with the initial burden of proof on an issue addressed in expert testimony (e.g., Plaintiff infringement reports and Defendant

8

ME1 28408017v.1

invalidity reports), expert reports under Fed. R. Civ. Pro. 26(a)(2) are due **July 1, 2019**. Rebuttal expert reports shall be due **August 15, 2019**. Supplemental reports from Defendants limited to secondary considerations of non-obviousness shall be served on or before **September 5, 2019**. No other expert reports, including supplementations under Fed. R. Civ. P. 26(e), will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        (2)    **Expert Reports Supplementation**. The parties agree they will permit expert declarations to be filed in connection with the motions briefing (including case dispositive motions). The parties reserve the right to take depositions of such experts outside the formal expert discovery period, including if the expert has been deposed already, on the subject matter of such a declaration, provided that such subject matter is new and was not already addressed in any of the expert's report(s) that already had been served.

        (3)    **Expert Depositions**. [**Plaintiff's Proposal:** Each deposition of an expert witness shall be limited to a maximum of **seven (7)** hours, except that if an expert is testifying on both validity and infringement, then the expert may be deposed for up to an additional **seven (7)** hours.] [**Defendants' Proposal:** Each deposition of an expert witness shall be limited to a maximum of **seven (7)** hours, except that if an expert is testifying on both validity and infringement, then the expert may be deposed for an additional amount of time to be decided by agreement of the parties.]

        (4)    **Objections to Expert Testimony**. To the extent any objection to **expert** testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm ., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **December 2, 2019**, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

        (h)    **Discovery Matters and Disputes Relating to Protective Orders.**

ME1 28408017v.1

(1)     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

(2)     Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Stark: The parties in the above referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____.
>
> Lead Counsel: _____.
>
> The disputes requiring judicial attention are listed below: [provide here a non-argumentative list of disputes requiring judicial attention]

(3)     On a date to be set by separate order, generally not less than **forty eight (48)** hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed **three (3)** pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than **twenty-four (24)** hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed **three (3)** pages, outlining that party's reasons for its opposition.

(4)     Each party shall submit **two (2) courtesy copies** of its discovery letter and any attachments.

(5)     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to

ME1 28408017v.1

resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

        (6)     No motions to compel or motions for protective order shall be filed absent approval of the Court.  Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

     11.    **Application to Court for Protective Order**.  Should counsel find it will be necessary  to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by October 23, 2018.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 10(i) above.

        Any proposed protective order must include the following

paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

     12.    **Papers Filed Under Seal**.  When filing papers under seal, counsel shall deliver to the Clerk an original and **one (1) copy** of the papers.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within **seven (7) days** of the filing of the sealed document.

        Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the

11

Case 2:23-cv-01043-MFS-JRA   Document 224   Filed 05/02/25   Page 20 of 46 PageID #:
7705
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 12 of 26 PageID #: 638

start of the court proceeding. Should the party subsequently choose to make a request for sealing
or redaction, it must, promptly after the completion of the transcript, file with the Court a motion
for sealing/redaction, and include as attachments (1) a copy of the complete transcript
highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and
(2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking
redactions must demonstrate why there is good cause for the redactions and why disclosure of
the redacted material would work a clearly defined and serious injury to the party seeking
redaction.

13.     **Courtesy Copies**.  Other than with respect to "discovery matters," which are
governed by paragraph 10(i), and the final pretrial order, which is governed by paragraph 23, the
parties shall provide to the Court **two (2) courtesy copies** of all briefs and **one (1) courtesy copy**
of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations,
affidavits, etc.).  This provision also applies to papers filed under seal.

14.     **ADR Process**.  This matter is referred to a magistrate judge to explore the
possibility of alternative dispute resolution.

15.     **Interim Status Report**.  On **January 25, 2019**, counsel shall submit a joint letter
to the Court with an interim report on the nature of the matters in issue and the progress of
discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status
conference.

16.     **Tutorial Describing the Technology and Matters in Issue**.  Unless otherwise
ordered by the Court, the parties shall provide the Court, no later than the date on which their
opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard,
the parties may separately or jointly submit a DVD of not more than **thirty (30)** minutes.  The
tutorial should focus on the technology at issue and should not be used for argument.  The parties
may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each
party may comment, in writing (in no more than **five (5)** pages) on the opposing party's tutorial.
Any such comment shall be filed no later than the date on which the answering claim

construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

17. **Claim Construction Issue Identification**. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **January 22, 2019** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court on **January 29, 2019**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

18. **Claim Construction Briefing**. Opening claim construction briefs are due **February 28, 2019**. Responsive construction briefs are due **April 2, 2019**. Local Rule 7.1.3(a)(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

19. **Hearing on Claim Construction**. Beginning at **2 p.m. on April 23, 2019**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within **sixty (60)** days of the conclusion of the claim construction hearing. If the Court is

13

unable to meet this goal, it will advise the parties no later than **sixty (60)** days after the conclusion of the claim construction hearing.

20.    **Supplementation.** Absent agreement among the parties, and approval of the Court, no later than **February 21, 2019**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

21.    **Case Dispositive Motions**. Absent agreement between the parties, the Court will generally not hear case dispositive motions in ANDA cases.

22.    **Applications by Motion**.  Except as otherwise provided herein, any application to the Court shall be by written motion filed with the clerk.  Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

23.    **Pretrial Conference**. A pretrial conference will be held on **February 21, 2020 at 4 p.m.**  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order - Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **January 6, 2020**.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(4) for the preparation of the joint proposed final pretrial order.  The parties shall provide the Court **two (2)** courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order - Patent, the parties shall include in their joint proposed final pretrial order, among other things:

(a)    A request for a specific number of *hours* for their trial presentations, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

14

Case 2:23-cv-01043-MFS-JRA   Document 224   Filed 05/02/25   Page 23 of 46 PageID #:
7708
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 15 of 26 PageID #: 641

(b)     Their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

(c)     Their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

(d)     Their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

24.     **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each *SIDE* shall be limited to **three (3)** *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of **three (3)** pages of argument and may be opposed by a maximum of **three (3)** pages of argument, and the party making the *in limine* request may add a maximum of **one (1)** additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single **three (3)** page submission (and, if the moving party, a single **one (1)** page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15

ME1 28408017v.1

Case 2:23-cv-01973-MFS-JRA   Document 224   Filed 05/02/25   Page 24 of 46 PageID:
7709
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 16 of 26 PageID #: 642

25.     **Trial.**  This matter is scheduled for a **four (4) day** bench trial, to be held starting on **March 2-6, 2020 at 8:30 a.m.,** with the subsequent trial days also beginning at 8:30 a.m. The trial day will end no later than 5:00 p.m. each day.

26.     **Post-Trial Briefing**. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

27.     The parties reserve the right to revisit the deadlines and limitations set forth herein in the event this case is consolidated with any other matters involving different defendants.

ME1 28408017v.1

Case 2:23-cv-01043-MFS-JRA    Document 224    Filed 05/02/25    Page 25 of 46 PageID #:
7710
Case 1:18-cv-01038-LPS    Document 47-1    Filed 10/23/18    Page 17 of 26 PageID #: 643

**EXHIBIT A**

CASE
DEADLINES

| | |
|---|---|
| Patent, File History, Identification of Accused Products | August 31, 2018 |
| ANDA Production | August 31, 2018 |
| Fed. R. Civ. P. 26(a)(1) and Del. Para 3 disclosures | September 17, 2018 |
| Submit ESI and Protective Orders | October 23, 2018 |
| Produce IPR materials | October 17, 2018 |
| Infringement Contentions and Production of NDA | October 31, 2018 |
| Invalidity Contentions and Production of References | December 13, 2018 |
| Substantial Completion of Document Production | January 15, 2019 |
| Joinder of Parties/Amend or Supplement Pleadings | December 14, 2018 |
| Fact Discovery Cut Off | June 4, 2019 |
| Supplementation of Accused Products and Invalidity References | February 21, 2019 |
| Interim Status Report | February 21, 2019 |
| Exchange of Claim Terms Needing Construction | January 22, 2019 |
| Joint CC Chart | January 29, 2019 |
| Opening CC Briefs | February 28, 2019 |
| Responsive CC Briefs | April 2, 2019 |

17

ME1 28408017v.1

| Hearing on Claim Construction | April 23, 2019 |
|---|---|
| Opening Expert Reports | July 1, 2019 |
| Rebuttal Expert Reports (Plaintiff addresses secondary considerations of non-obviousness) | August 15, 2019 |
| Supplemental Expert Reports (Defendants' address secondary considerations of non-obviousness) | September 5, 2019 |
| Expert Discovery Completion | October 31, 2019 |
| Daubert Motion Deadline | December 2, 2019 |
| Final Pretrial Order | January 6, 2020 |
| Pretrial Conference | February 21, 2020 |
| Bench Trial (4 days) | March 2-6, 2020 |

18

ME1 28408017v.1

Case 2:18-cv-01043-MFK-JRA   Document 224   Filed 05/02/25   Page 27 of 46 PageID #:
7712
Case 1:18-cv-01038-LPS-JRA   Document 216   Filed 10/29/18   Page 19 of 26 PageID #: 680
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 19 of 26 PageID #: 645

| McCARTER & ENGLISH, LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ | /s/ |
| Michael P. Kelly (#2295) | David E. Moore (#3983) |
| Daniel M. Silver (#4758) | Bindu A. Palapura (#5370) |
| Benjamin A. Smyth (#5528) | Stephanie E. Byrne (#4446) |
| Renaissance Centre | Hercules Plaza |
| 405 N. King Street, 8th Floor | 1313 North Market Street, 6th Floor |
| Wilmington, Delaware 19801 | Wilmington, DE 19801 |
| (302) 984-6300 | (302) 984-6000 |
| *mkelly@mccarter.com* | *dmoore@potteranderson.com* |
| *dsilver@mccarter.com* | *bpalapura@potteranderson.com* |
| *bsmyth@mccarter.com* | *sobyrne@potteranderson.com* |
| | |
| | OF COUNSEL: |
| OF COUNSEL: | T.O. Kong |
| Jane M. Love, Ph.D. | WILSON SONSINI GOODRICH & ROSATI |
| Robert Trenchard | One Market Street |
| Paul E. Torchia | Spear Tower Suite 3300 |
| GIBSON, DUNN & CRUTCHER LLP | San Francisco, CA 94105 |
| 200 Park Avenue | Tel: (415) 947-2000 |
| New York, NY 10166 | |
| (212) 351-4000 | Dennis Gregory |
| *JLove@gibsondunn.com* | WILSON SONSINI GOODRICH & ROSATI |
| *RTrenchard@gibsondunn.com* | 1301 Avenue of the Americas |
| *PTorchia@gibsondunn.com* | 40th Floor |
| | New York, NY 10019 |
| | Tel: (212) 497-7764 |
| Andrew P. Blythe | |
| GIBSON, DUNN & CRUTCHER LLP | Mary Procaccio-Flowers |
| 333 South Grand Avenue | WILSON SONSINI GOODRICH & ROSATI |
| Los Angeles, CA 90071 | 650 Page Mill Road |
| (213) 229-7000 | Palo Alto, CA 94304 |
| *ABlythe@gibsondunn.com* | Tel: 650-849-3025 |
| | |
| *Attorneys for Novartis Pharmaceuticals* | Diyang Liu |
| *Corporation* | WILSON SONSINI GOODRICH & ROSATI |
| | 900 South Capital of Texas Highway |
| | Las Cimas IV, Fifth Floor |
| | Austin, TX 78746 |
| | Tel: 512-338-5403 |
| | |
| | *Attorneys for Apotex Inc., Apotex Corp.* |
| | |
| SHAW KELLER LLP | HEYMAN ENERIO GATTUSO & HIRZEL |
| | LLP |

ME1 28408017v.1

Case 2:23-cv-01043-MFS-JRA   Document 224   Filed 05/02/25   Page 28 of 46 PageID #: 7713
Case 1:18-cv-01043-LPS   Document 216   Filed 10/29/18   Page 20 of 26 PageID #: 6450
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 20 of 26 PageID #: 646

/s/
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
*jshaw@shawkeller.com*
*kkeller@shawkeller.com*

OF COUNSEL:
Amanda Hollis
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
*ahollis@kirkland.com*

Sarah K. Tsou
Gregory Springsted
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
*stsou@kirkland.com*
*greg.springsted@kirkland.com*

*Attorneys for Teva Pharmaceuticals USA,*
*Inc. and Actavis Elizabeth LLC*

/s/
Dominick T. Gattuso (No. 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
*dgattuso@hegh.law*

OF COUNSEL:
Charles B. Klein
Jovial Wong
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
(202) 292-5000
*CKlein@winston.com*
*JWong@winston.com*

Zachary L. Sorman
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
*zsorman@winston.com*

*Attorneys for Sun Pharmaceutical Industries,*
*Ltd., Sun Pharmaceutical Industries, Inc., and*
*Sun Pharma Global FZE*

SMITH, KATZENSTEIN & JENKINS LLP

/s/
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
*nbelgam@skjlaw.com*
*eormerod@skjlaw.com*

OF COUNSEL:
Andrew J. Miller
Ajay Kayal
Louis H. Weinstein

MORRIS JAMES LLP

/s/
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
*kdorsney@morrisjames.com*

OF COUNSEL:
Timothy H. Kratz
George J. Barry III
KRATZ & BARRY LLP
1050 Crown Pointe Parkway
Suite 500

20

Case 1:23-cv-01073-MFK-JRA    Document 224    Filed 05/02/25    Page 29 of 46 PageID #: 7714
Case 1:18-cv-01043-LPS    Document 216    Filed 10/29/18    Page 21 of 26 PageID #: 0730
Case 1:18-cv-01038-LPS    Document 47-1    Filed 10/23/18    Page 21 of 26 PageID #: 647

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
973-379-4800
*amiller@buddlarner.com*
*akayal@buddlarner.com*
*lweinstein@buddlarner.co*m

*Attorneys for Accord Healthcare, Inc., Dr.
Reddy's Laboratories, Inc., Dr. Reddy's
Laboratories, Ltd., Torrent Pharmaceuticals
Ltd., and Torrent Pharma Inc.*

Atlanta, GA 30338
Tel: (404) 341-6600
*tkratz@kratzandbarry.com*
*gbarry@kratzandbarry.com*

*Attorneys for Aurobindo Pharma Limited,
Aurobindo Pharma USA, Inc.*

PHILLIPS, GOLDMAN, MCLAUGHLIN &
HALL, P.A.

/s/
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
*jcp@pgmhlaw.com*
*mch@pgmhlaw.com*

OF COUNSEL:
Stephen P. Benson
Kimberly A. Beis
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St.
Chicago, IL 60661
(312) 902-5200
*stephen.benson@kattenlaw.com*
*kimberly.beis@kattenlaw.com*

*Attorneys for Biocon Limited, Biocon
Pharma, Inc.*

MORRIS JAMES LLP

/s/
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
*kdorsney@morrisjames.com*

OF COUNSEL:
Howard S. Suh
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3200
*howard.suh@hklaw.com*

*Attorneys for Bionpharma Inc., Hetero USA Inc.,
Hetero Labs Limited, Hetero Labs Limited Unit-
V, Prinston Pharmaceutical Inc.*

RICHARDS, LAYTON & FINGER, P.A.

/s/
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
One Rodney Square

PHILLIPS, GOLDMAN, MCLAUGHLIN &
HALL. P.A.

/s/
John C. Phillips. Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street

ME1 28408017v.1

920 N. King Street
Wilmington, Delaware 19801
(302) 651-7705
*farnan@rlf.com*
*metzler@rlf.com*

*Attorneys for Breckenridge Pharmaceutical,
Inc., Standard Chemical & Pharmaceutical
Co. Ltd.*

Wilmington, DE 19806
(302) 655-4200
*jcp@pgmhlaw.com*
*mch@pgmhlaw.com*

OF COUNSEL:
Elaine Herrmann Blais
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
*eblais@goodwinlaw.com*

Michael B. Cottler
Cindy Chang
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
*mcottler@goodwinlaw.com*

*cindychang@goodwinlaw.comAttorneys for
Emcure Pharmaceuticals, Ltd., Heritage
Pharmaceuticals Inc.*

STAMOULIS & WEINBLATT, LLP

/s/
_____
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
*stamoulis@swdelaw.com*
*weinblatt@swdelaw.com*

OF COUNSEL:
Aaron F. Barkoff
Alejandro Menchaca
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison St., 34th Floor
Chicago, IL 60661
(312) 775-8000

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/
_____
Adam W. Poff (#3990)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571- 6600
*apoff@ycst.com*

*Attorneys for Glenmark Pharmaceuticals, Inc.,
USA and Glenmark Pharmaceuticals Limited*

22

ME1 28408017v.1

abarkoff@mcandrews-ip.com
amenchaca@mcandrews-ip.com

*Attorneys for Ezra Ventures LLC*

STAMOULIS & WEINBLATT, LLP                    FINGER & SLANINA, LLC

/s/                                           /s/
Stamatios Stamoulis (#4606)                   David L. Finger (#2556)
Richard C. Weinblatt (#5080)                  One Commerce Center
Two Fox Point Centre                          1201 N Orange Street, 7th Floor
6 Denny Road, Suite 307                       Wilmington, DE 19801-1186
Wilmington, DE 19809                          Tel: 302-573-2525
(302) 999-1540
stamoulis@swdelaw.com                         OF COUNSEL:
weinblatt@swdelaw.com                         David Austin
                                              Carolyn Chang
                                              Marton Ribera Schumann & Chang LLP
*Attorneys for HEC Pharm Co., HEC Pharm*      400 Oyster Point Blvd. Suite 539
*Group, HEC Pharm USA Inc.*                   South San Francisco, CA 94080
                                              Tel: 415.360.2511
                                              daustin@martonribera.com
                                              carolyn@martonribera.com

                                              *Attorneys for Nostrum Laboratories, Inc.,*
                                              *Nostrum Pharmaceuticals, LLC, MSN*
                                              *Laboratories Private Limited, MSN*
                                              *Pharmaceuticals Inc.*

                                              Carlton R. Asher, Jr.
                                              LAW OFFICES OF CARLTON R. ASHER,
                                              JR.
                                              110 East 59th Street, Suite 2200
                                              New York, NY 10022
                                              (212) 308-7171
                                              asherlaw@att.net

                                              Bridgette Y. Ahn
                                              LAW OFFICES OF BRIDGETTE Y. AHN
                                              200 Park Avenue, Suite #1700
                                              New York, NY 10166
                                              (212) 537-4409
                                              bahn@bahnlaw.com

                                              *Attorneys for Nostrum Laboratories Inc., and*
                                              *Nostrum Pharmaceuticals, LLC*

MEI 28408017v.1

RICHARDS, LAYTON & FINGER, P.A.

/s/
Fredrick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

OF COUNSEL:
Shannon M. Bloodworth
Brandon M. White
PERKINS COIE LLP
700 13th Street NW
Washington, DC 20001
(202) 654-6200
SBloodworth@perkinscoie.com
BMWhite@perkinscoie.com

Bryan D. Beel, Ph.D.
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
(503) 727-2116
BBeel@perkinscoie.com

Attorneys for Mylan Pharmaceuticals Inc.

RICHARDS, LAYTON & FINGER, P.A.

/s/
Steven J. Fineman (#4025)
Tyler E. Cragg (#6398)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
fineman@rlf.com
cragg@rlf.com

OF COUNSEL:
David H. Silverstein
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
22nd Floor
New York, NY 10036
(212) 728-2200
dsilverstein@axinn.com

Aziz Burgy
Ricardo S. Camposanto
AXINN, VELTROP & HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
aburgy@axinn.com
rcamposanto@axinn.com

Attorneys for Par Pharmaceutical, Inc.

PINCKNEY, WEIDINGER, URBAN & JOYCE LLC

/s/
Helena C. Rychlicki (DE No. 3996)
Elizabeth Wilburn Joyce (DE No. 3666)
3711 Kennett Pike, Suite 210
Greenville, DE 19807
(302) 504-1497 (telephone)
(302) 655-5123 (facsimile)
hrychlicki@pwujlaw.com
ewilburnjoyce@pwujlaw.com

PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

/s/
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
1200 North Broom Street
Wilmington, Delaware 19806-4204
Phone: (302) 655-4200
jcp@pgmhlaw.com
mch@pgmhlaw.com

24

ME1 28408017v.1

Case 2:18-cv-01973-MFS-JRA   Document 224   Filed 05/02/25   Page 33 of 46 PageID #:
7718
Case 1:18-cv-01038-LPS   Document 47-1   Filed 10/23/18   Page 25 of 26 PageID #: 651

*Attorneys for Strides Pharma Global Pte Ltd.*
*and Strides Pharma Inc.*

OF COUNSEL:
Michael J. Gaertner
David B. Abramowitz
Carolyn A. Blessing
Emily L. Savas
Jonathan B. Turpin
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
*mgaertner@lockelord.com*
*dabramowitz@lockelord.com*
*cblessing@lockelord.com*
*esavas@lockelord.com*
*jturpin@lockelord.com*

*Attorneys for Zydus Pharmaceuticals (USA)*
*Inc., Cadila Healthcare Limited*

MORRIS JAMES LLP

/s/
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
*kdorsney@morrisjames.com*

OF COUNSEL:
Stephen R. Auten
Richard T. Ruzich
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
*sauten@taftlaw.com*
*rruzich@taftlaw.com*
*rshrestha@taftlaw.com*

*Attorneys for Alkem Laboratories, Ltd.*

Dated: October 23, 2018

ME1 28408017v.1

SO ORDERED this 25th day of October, 2018.

_____
THE HONORABLE LEONARD P. STARK
CHIEF UNITED STATES DISTRICT JUDGE

26

# Exhibit 3

Query    Reports    Utilities    Help    Log Out

CLOSED,MEDIATION-CJB,Multi-Media Docs,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:15-cv-01158-LPS

The Gillette Company LLC v. Dollar Shave Club, Inc.
Assigned to: Judge Leonard P. Stark
Related Cases:  1:18-cv-01306-LPS-CJB
             1:18-cv-00876-LPS
Case in other court:  Third Circuit, 17-02741
Cause: 35:271 Patent Infringement

Date Filed: 12/17/2015
Date Terminated: 04/02/2019
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**The Gillette Company**
*TERMINATED: 08/13/2018*

represented by **Jack B. Blumenfeld**
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: Jbbefiling@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexandra D. Valenti**
Email: avalenti@goodwinlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles T. Cox , Jr.**
Email: Charlie.Cox@wilmerhale.com
*TERMINATED: 09/19/2018*
*PRO HAC VICE*

**Elaine H. Blais**
Email: eblais@goodwinlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer A. Albert**
Email: jalbert@goodwinlaw.com
*TERMINATED: 02/28/2019*
*PRO HAC VICE*

**Kevin J. DeJong**
Email: kdejong@goodwinlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

(See above for address)
*TERMINATED: 07/17/2018*

**Terry L. Wit**
(See above for address)
*TERMINATED: 07/17/2018*

V.

**Counter Defendant**

The Gillette Company LLC                    represented by **Jack B. Blumenfeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/17/2015 | 1 | COMPLAINT FOR PATENT INFRINGEMENT filed with Jury Demand against Dollar Shave Club, Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311-1845756.) - filed by The Gillette Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(cna) (Entered: 12/17/2015) |
| 12/17/2015 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (cna) (Entered: 12/17/2015) |
| 12/17/2015 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 6,684,513. (cna) (Entered: 12/17/2015) |
| 12/17/2015 | 4 | Disclosure Statement pursuant to Rule 7.1: identifying Corporate Parent Proctor & Gamble Co. for The Gillette Company filed by The Gillette Company. (cna) (Entered: 12/17/2015) |
| 12/17/2015 | | Summons Issued with Magistrate Consent Notice attached as to Dollar Shave Club, Inc. on 12/17/2015. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302-573-6170 and ask the Clerk to mail the summons to them. (cna) (Entered: 12/17/2015) |
| 12/21/2015 | 5 | SUMMONS Returned Executed by The Gillette Company. Dollar Shave Club, Inc. served on 12/21/2015, answer due 1/11/2016. (Smith, Rodger) (Entered: 12/21/2015) |
| 12/23/2015 | | Case Assigned to Judge Leonard P. Stark. Please include the initials of the Judge (LPS) after the case number on all documents filed. (rjb) (Entered: 12/23/2015) |
| 01/04/2016 | 6 | ORAL REFERRAL ORDER: This case will be governed by Judge Stark's Revised Procedures for Managing Patent Cases (see www.ded.uscourts.gov). In accordance with the Revised Procedures, IT IS HEREBY ORDERED that: 1. any and all matters relating to scheduling, including entry of a Scheduling Order, are referred to Magistrate Judge Burke; 2. any and all motions to dismiss, stay, and/or transfer venue, relating to all or any part of the case, whenever such motions may be filed, are referred to Judge Burke for disposition or report and recommendation, to the full extent permitted by the Constitution, statute, and rule; and 3. within seven (7) days of the date of this Referral Order, the plaintiff(s) shall file the Procedures Order, which is found on Judge Stark's |

| | | |
|---|---|---|
| | | (ntl) (Entered: 01/03/2019) |
| 01/03/2019 | 648 | ORAL ORDER: Having reviewed the parties' letter (D.I. 646), IT IS HEREBY ORDERED that Defendants may depose Dr. Ross (Plaintiff's expert on infringement and on at least "a portion of validity") for no more than eleven (11) hours and Defendants may also depose Dr. Ennis (another Plaintiff expert on validity) for no more than seven (7) hours. Plaintiff's assertions that "Defendants' position is unsupported" and that depositions greater than seven (7) hours are "always... done on an agreed basis before the scheduling conference" are incorrect; their contention that what Defendants propose "is manifestly unfair" is unpersuasive. When an expert opines on infringement and invalidity the party retaining that expert should expect that a deposition of seven (7) hours may be insufficient. Here, the Court finds that eleven (11) hours is a reasonable and appropriate amount of time to depose Dr. Ross and that there is no meritorious basis to subtract deposition time from Plaintiff's other invalidity expert. ORDERED by Judge Leonard P. Stark on 1/3/19. (ntl) (Entered: 01/03/2019) |
| 01/07/2019 | 649 | NOTICE OF SERVICE of Reply Expert Report of Caroline A. Ross, Ph.D. Regarding Infringement filed by The Gillette Company LLC.(Smith, Rodger) (Entered: 01/07/2019) |
| 01/08/2019 | 650 | NOTICE to Take Deposition of Daniel Ennis, Ph.D, DSc on January 16, 2019 filed by Dollar Shave Club, Inc., Dorco Company Ltd., Pace Shave Inc..(Fry, David) (Entered: 01/08/2019) |
| 01/08/2019 | 651 | NOTICE to Take Deposition of Donald J. Bray, Richard A. Haber, Ph.D. and James E. Malackowski on January 11, 2019; January 16, 2019 and January 16, 2019, respectively filed by The Gillette Company LLC.(Flynn, Michael) (Entered: 01/08/2019) |
| 01/09/2019 | 652 | NOTICE to Take Deposition of Caroline A. Ross, Ph.D. on January 11 and January 12, 2019 at 9:00 a.m. filed by Dollar Shave Club, Inc., Dorco Company Ltd., Pace Shave Inc..(Fry, David) (Entered: 01/09/2019) |
| 01/10/2019 | 653 | STIPULATION TO EXTEND TIME for the parties to file case dispositive and Daubert motions to January 22, 2019 - filed by The Gillette Company LLC. (Flynn, Michael) (Entered: 01/10/2019) |
| 01/10/2019 | 654 | NOTICE OF SERVICE of (1) Defendant Dollar Shave Club, Inc.'s Fifth Amended Initial Disclosures Pursuant to Rule 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery (2) Defendant Pace Shave, Inc.'s Third Amended Initial Disclosures Pursuant to Rule 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery (3) Defendant Dorco Company, Ltd.'s Third Supplemental Initial Disclosures Pursuant to Rule 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery filed by Dollar Shave Club, Inc., Dorco Company Ltd., Pace Shave Inc..(Fry, David) (Entered: 01/10/2019) |
| 01/14/2019 | 655 | MOTION for Pro Hac Vice Appearance of Attorney Kevin P. Martin - filed by The Gillette Company LLC. (Smith, Rodger) (Entered: 01/14/2019) |
| 01/15/2019 | | SO ORDERED, re 653 STIPULATION TO EXTEND TIME for the parties to file case dispositive and Daubert motions to January 22, 2019 filed by The Gillette Company LLC. Signed by Judge Leonard P. Stark on 1/14/19. (ntl) (Entered: 01/15/2019) |
| 01/16/2019 | | SO ORDERED, re 655 MOTION for Pro Hac Vice Appearance of Attorney Kevin P. Martin filed by The Gillette Company LLC. Signed by Judge Leonard P. Stark on 1/16/19. (ntl) (Entered: 01/16/2019) |
| 01/22/2019 | 656 | MOTION for Summary Judgment of No Infringement - filed by Dollar Shave Club, Inc., Dorco Company Ltd., Pace Shave Inc.. (Attachments: # 1 Text of Proposed Order)(Fry, David) (Entered: 01/22/2019) |

# Exhibit 4

| From: | Davin Guinn |
| --- | --- |
| To: | Zhibin Li; Firdapse-Litigation; Chevalier, Charles H.; Gaddis, Christine A.; Caracappa, Michael V. |
| Cc: | CD-Lupin-Amifampridine; jrichter@midlige-richter.com; Lukas, Aaron; Coblentz, W. Blake; Schaubert, Keri; eabraham@hillwallack.com; kbutler@hillwallack.com; William P. Murtha |
| Subject: | RE: Catalyst v. Lupin - Expert Depositions |
| Date: | Tuesday, April 15, 2025 12:14:03 PM |
| Attachments: | image001.png |
| | image002.png |



Zhibin,

Thank you for confirming Lupin's acceptance of May 16 for the deposition of Dr. Blair.

Given that Dr. Winkler's expert opinions pertain to only one asserted claim of one asserted patent (the '088 patent), Plaintiffs are not willing to make him available for deposition on two separate days. As a compromise, however, Plaintiffs are amenable to making Dr. Winkler available for an additional hour (8 total hours) on May 22. Please confirm we have an agreement.

Best,
Davin

**Davin Guinn**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** dguinn@sternekessler.com
**Direct:** 202.772.8530

**IP Assistant:** Renée Moore
**Direct:** 202.772.8820   **Main:** 202.371.2600

**From:** Zhibin Li <zhibin.li@bipc.com>
**Sent:** Wednesday, April 9, 2025 4:45 PM
**To:** Davin Guinn <dguinn@sternekessler.com>; Firdapse-Litigation <Firdapse-Litigation@sternekessler.com>; Chevalier, Charles H. <CChevalier@gibbonslaw.com>; Gaddis, Christine A. <cgaddis@gibbonslaw.com>; Caracappa, Michael V. <MCaracappa@gibbonslaw.com>
**Cc:** CD-Lupin-Amifampridine <Lupin-Amifampridine@bipc.com>; jrichter@midlige-richter.com; Lukas, Aaron <ALukas@cozen.com>; Coblentz, W. Blake <wcoblentz@cozen.com>; Schaubert, Keri <KSchaubert@cozen.com>; eabraham@hillwallack.com; kbutler@hillwallack.com; William P. Murtha <wmurtha@hillwallack.com>
**Subject:** RE: Catalyst v. Lupin - Expert Depositions

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

Lupin accepts May 16 for Dr. Blair's deposition.

Dr. Winkler has submitted five reports (on infringement and validity) in both Lupin and Hetero litigations.  Lupin plans to coordinate with Hetero for the Winkler deposition, however, Lupin and Hetero request that Plaintiffs make Dr. Winkler available for deposition on both May 22 and 23, in the event the deposition cannot be finished in one day with two parties needing to examine him.  Please let us know if plaintiffs agree to this proposal or let us know your availability for a meet and confer to discuss.

Zhibin

**Zhibin Li**
**Shareholder**

640 5th Avenue, 9th Floor
New York, NY 10019-6102
212 440 4407 (o)
860 204 2562 (c)
zhibin.li@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Davin Guinn <dguinn@sternekessler.com>
**Sent:** Wednesday, April 9, 2025 10:48 AM
**To:** CD-Lupin-Amifampridine <Lupin-Amifampridine@bipc.com>; jrichter@midlige-richter.com
**Cc:** Firdapse-Litigation <Firdapse-Litigation@sternekessler.com>; Chevalier, Charles H. <CChevalier@gibbonslaw.com>; Gaddis, Christine A. <cgaddis@gibbonslaw.com>; Caracappa, Michael V. <MCaracappa@gibbonslaw.com>
**Subject:** RE: Catalyst v. Lupin - Expert Depositions

Counsel,

Please confirm your acceptance of the dates below for the depositions of Drs. Blair and Winkler.

Plaintiffs would like to finalize these dates as soon as possible.

Best,
Davin

**Davin Guinn**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** dguinn@sternekessler.com
**Direct:** 202.772.8530

**IP Assistant:** Renée Moore
**Direct:** 202.772.8820  **Main:** 202.371.2600

**From:** Davin Guinn <dguinn@sternekessler.com>

**Sent:** Friday, April 4, 2025 11:51 AM
**To:** CD-Lupin-Amifampridine <Lupin-Amifampridine@bipc.com>; jrichter@midlige-richter.com
**Cc:** Firdapse-Litigation <Firdapse-Litigation@sternekessler.com>; Chevalier, Charles H. <CChevalier@gibbonslaw.com>; Gaddis, Christine A. <cgaddis@gibbonslaw.com>; Caracappa, Michael V. <MCaracappa@gibbonslaw.com>
**Subject:** RE: Catalyst v. Lupin - Expert Depositions

Counsel,

Please confirm acceptance of the dates specified below as soon as possible.

For the sake of coordination, we note that counsel for Hetero has already accepted these dates. Dr. Blair and Dr. Winkler will only be made available once.

Thanks,
Davin

**Davin Guinn**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
**Email:** dguinn@sternekessler.com
**Direct:** 202.772.8530

**IP Assistant:** Renée Moore
**Direct:** 202.772.8820   **Main:** 202.371.2600

**From:** Davin Guinn <dguinn@sternekessler.com>
**Sent:** Friday, March 28, 2025 5:10 PM
**To:** CD-Lupin-Amifampridine <Lupin-Amifampridine@bipc.com>; jrichter@midlige-richter.com
**Cc:** Firdapse-Litigation <Firdapse-Litigation@sternekessler.com>; Chevalier, Charles H. <CChevalier@gibbonslaw.com>; Gaddis, Christine A. <cgaddis@gibbonslaw.com>; Caracappa, Michael V. <MCaracappa@gibbonslaw.com>
**Subject:** Catalyst v. Lupin - Expert Depositions

Counsel,

Plaintiffs' experts are available for deposition at Sterne Kessler's office (1101 K Street NW, 10th Floor, Washington, D.C. 20005) on the following dates:

- Dr. Blair: Friday, May 16
- Dr. Winkler: Thursday, May 22

Please confirm acceptance of these dates as soon as feasible.

Best,
Davin



**Davin Guinn**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
1101 K Street NW, 10th Floor, Washington, DC 20005

**Email:** dguinn@sternekessler.com
**Direct:** 202.772.8530
**IP Assistant:** Renée Moore
**Direct:** 202.772.8820  **Main:** 202.371.2600

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

Exhibit 5

| | |
|---|---|
| **From:** | Schaubert, Keri <KSchaubert@cozen.com> |
| **Sent:** | Thursday, April 3, 2025 10:14 AM |
| **To:** | Davin Guinn; Firdapse-Litigation; Chevalier, Charles H.; Gaddis, Christine A.; Caracappa, Michael V. |
| **Cc:** | Coblentz, W. Blake; Lukas, Aaron; eabraham@hillwallack.com; wmurtha@hillwallack.com; Kristine L. Butler |
| **Subject:** | RE: Catalyst v. Hetero - Expert Depositions |

> **EXTERNAL EMAIL:** Use caution before clicking links or attachments.

Counsel,

We accept the below dates for the depositions of Drs. Blair, Winkler, Wymer, and McQueen.

In addition, Dr. Lipkin is available for deposition at Cozen O'Connor's New York office on Monday, May 12th. Please let us know as soon as feasible if Plaintiffs can accept that date.

Best,
Keri



**Keri L. Schaubert, Ph.D.**
**Member | Cozen O'Connor**
3 WTC, 175 Greenwich Street 55th Floor | New York, NY 10007
P: 212-883-2258 F: 646-461-3331 C: 734-276-4959
Email | Bio | Map | cozen.com

---

**From:** Davin Guinn <dguinn@sternekessler.com>
**Sent:** Friday, March 28, 2025 5:06 PM
**To:** Schaubert, Keri <KSchaubert@cozen.com>; Coblentz, W. Blake <WCoblentz@cozen.com>; Lukas, Aaron <ALukas@cozen.com>; eabraham@hillwallack.com; wmurtha@hillwallack.com; Kristine L. Butler <kbutler@hillwallack.com>
**Cc:** Firdapse-Litigation <Firdapse-Litigation@sternekessler.com>; Chevalier, Charles H. <CChevalier@gibbonslaw.com>; Gaddis, Christine A. <cgaddis@gibbonslaw.com>; Caracappa, Michael V. <MCaracappa@gibbonslaw.com>
**Subject:** Catalyst v. Hetero - Expert Depositions

**\*\*EXTERNAL SENDER\*\***

Counsel,

Plaintiffs' experts are available for deposition at Sterne Kessler's office (1101 K Street NW, 10th Floor, Washington, D.C. 20005) on the following dates:

- Dr. Blair: Friday, May 16
- Dr. Winkler: Thursday, May 22
- Dr. Wymer: Tuesday, June 3
- Dr. McQueen: Friday, June 6

Please confirm acceptance of these dates as soon as feasible.

Best,
Davin



**Davin Guinn**
Associate
**Sterne, Kessler, Goldstein & Fox P.L.L.C.**
1101 K Street NW, 10th Floor, Washington, DC 20005

**Email:** dguinn@sternekessler.com
**Direct:** 202.772.8530
**IP Assistant:** Renée Moore
**Direct:** 202.772.8820   **Main:** 202.371.2600

*Notice: The information in this electronic transmission (including any attachments) may contain confidential or legally privileged information and is intended solely for the individual(s) or entity(ies) named above. If you are not an intended recipient or an authorized agent, you are hereby notified that reading, distributing, or otherwise disseminating or copying, or taking any action based on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please immediately notify the sender by return email and then destroy all copies of the transmission.*

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**