

CHARLES H. CHEVALIER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4611 Fax: (973) 639-6239
cchevalier@gibbonslaw.com

April 14, 2025

**VIA ECF**

Honorable José R. Almonte, U.S.M.J.
United States District Court
District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

  **Re:** *Catalyst Pharmaceuticals, Inc., et al. v. Lupin Ltd., et al.*, C.A. No. 2:23-cv-01197-MEF-JRA – ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

Dear Judge Almonte:

  Plaintiffs hereby provide their Reply letter brief in support of their motion to compel discovery from Lupin regarding ▌▌▌▌▌▌▌▌▌▌▌▌ (ECF No. 216).

* * *

## I. INTRODUCTION

  Plaintiffs seek an order compelling Lupin to produce all non-privileged documents in its possession, custody, or control pertaining to ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Plaintiffs also seek an order compelling Lupin to make its Rule 30(b)(6) witness available to answer on topics that Lupin already agreed to make a witness available on. The discovery Plaintiffs seek is relevant and proportional to the issues in this case.

  Lupin originally produced ANDA product samples ▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌ thereafter refused to produce ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ and now maintains objections ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Then Lupin, in turn, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Lupin seeks to shield fulsome discovery regarding ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌.

  Lupin's opposition brief is replete with inconsistent, ever-evolving, and heavily qualified assertions. If Lupin had actually produced ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌ then this dispute would have been resolved long ago and Lupin's counsel could have offered an unqualified representation to that effect. Instead, Lupin has approached this dispute with a distinct lack of candor.

  As one stark example, in the parties' March 11, 2025 joint discovery dispute letter, Lupin asserted that "Lupin does not have any other documents ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ to

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 2

produce pertaining to this inquiry." ECF No. 213 at 8. It repeated that representation at the March 17, 2025 status conference and during multiple meet-and-confers; yet on April 4, 2025, the eve of its opposition brief deadline, Lupin produced ▮▮▮▮▮. Lupin's March 11, 2025 representation to the Court cannot be squared with ▮▮▮▮▮. Instead, it raises the question: What else is Lupin continuing to withhold?

In its opposition brief, Lupin again repeats the assertion that it has produced ▮▮▮▮▮" ECF No. 217 at 14 (emphasis added). Lupin also asserts that it has "no additional documents to produce" concerning ▮▮▮▮▮ *Id.* (emphasis added).[1] If these statements were all unqualifiedly true, then it begs the question as to why Lupin spends pages upon pages trying to argue that Plaintiffs' requests are not proper fact discovery, not relevant, and not proportional to the needs of this case.

Despite suggesting that it produced all it has, Lupin declares that the only "relevant" documents to which Plaintiffs are entitled are those related to "whether Lupin's ANDA product contains the claimed dimer." *Id.* at 16; *see also id.* at 3, 9. But part and parcel to issue is ▮▮▮▮▮ should be given any weight at all. It is on that issue that Lupin appears to be desperately shielding its documents from discovery.

Lupin's opposition brief spends pages trying to distract from the matter at hand, including various grievances it purports to have with the '088 Patent and that it is a defendant in this case. The fact of the matter is that Lupin provoked this litigation ▮▮▮▮▮ This occurred well after Plaintiffs listed the '088 Patent in the Orange Book, and Lupin could have easily avoided this litigation by not challenging the '088 Patent—▮▮▮▮▮ Having chosen to provoke and maintain a patent dispute with Plaintiffs, its complaints about the burden of discovery ring hollow.

**II.    DISCOVERY ▮▮▮▮▮ IS HIGHLY RELEVANT TO THE ISSUES IN THIS CASE**

Plaintiffs' opening expert reports on infringement ▮▮▮▮▮

---

[1] Lupin's approach throughout this discovery dispute (and throughout this case) of offering cryptic, ever-evolving responses has obstructed the swift resolution of disputes. *See, e.g.*, ECF No. 216 at 10 n.8. Plaintiffs have frustratingly chased Lupin—for over two months—for an answer to whether there are outstanding documents and even now are trying to parse Lupin's wordsmithing.

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 3

▮▮▮▮▮▮▮ Because the relevance of ▮▮▮▮▮▮▮ Plaintiffs have pressed for Lupin to supplement its document production for all documents concerning ▮▮▮▮▮▮▮.

Plaintiffs are not tilting at windmills. From the limited documents produced to date, ▮▮▮▮▮▮▮ Plaintiffs expect further discovery—including the outstanding deposition of Lupin's Rule 30(b)(6) witness—will confirm and support this conclusion.

### III.  LUPIN MISLEADINGLY REPRESENTED THAT IT PRODUCED ▮▮▮▮▮▮▮

Lupin previously represented to the Court that it had produced ▮▮▮▮▮▮▮ "Lupin does not have any other documents ▮▮▮ to produce pertaining to this inquiry." ECF No. 213 at 8. Plainly, this representation was not true because on April 4, 2025, Lupin produced ▮▮▮▮▮▮▮.

Rather than admit that it was wrong when it told the Court it had produced everything it had in its possession, custody, and control, Lupin accuses Plaintiffs of moving the ball. This is not true. Plaintiffs have consistently sought discovery of ▮▮▮▮▮▮▮ *See*, *e.g.*, ECF No. 216-10 (Request Nos. 8–11, 13–16, 18, 22–23, 52)); ECF No. 216-11 (Request Nos. 87–89, 91). Because the limited documents Lupin produced concerning ▮▮▮▮▮▮▮ Plaintiffs pressed to confirm that when Lupin said it has produced everything—it meant it. The chart that Plaintiffs' submitted with their opening brief does not contain new requests for documents. *See* ECF No. 216-1. Instead, it spells out in detail the documents that ought to exist ▮▮▮▮▮▮▮ and that Plaintiffs previously sought during fact discovery. *Id.* Moreover, Plaintiffs provided examples during the meet-and-confer of these exact belatedly produced documents. *Id.*

Lupin also claims that its late production of ▮▮▮▮▮▮▮ was irrelevant and not proportional, but it produced them anyways. *See*, *e.g.*, ECF No. 217 at 9 ("Nevertheless, although irrelevant and not proportional to the needs of this case, Lupin has made an additional production ….") (citation omitted). To the contrary, these documents belatedly produced are squarely relevant to the needs of this case because they go to ▮▮▮▮▮▮▮ And, as to proportionality, Lupin's most recent production ▮▮▮▮▮▮▮ Lupin's suggestion that this imposed some undue burden on Lupin does not merit a response.

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 4

It appears that Lupin's representations to the Court and to Plaintiffs hinge upon its own selective definition of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Lupin* considers "relevant." ECF No. at 16. This is precisely the type of discovery abuse that the 2015 Amendments to Rule 34 are intended to prevent. *See* Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendment, Subd. (b)(2)(c) (noting that a party must state if anything is being withheld on a basis of an objection to "alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection."). Here, Lupin does not appear to accept that documents relating to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are "relevant" and, therefore, withheld them. *See also* ECF No. 217 at 3, 9. Lupin's resistance to addressing Plaintiffs' discovery dispute head-on has extended this dispute for months and there is still no clarity on what discovery remains outstanding.

### IV. LUPIN'S DISCOVERY OBJECTIONS ARE UNAVAILING

    **A.**     **Lupin overstates the significance of certain amendments to Rule 26 and ignores the Rule's ongoing duty to supplement.**

In opposing Plaintiffs' motion to compel, Lupin argues that Plaintiffs' requests for discovery ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ exceed the scope of discovery under Rule 26. Lupin's argument is largely captured in this statement:

> The December 1, 2010 amendments to Fed. R. Civ. P. 26(b)(4)(B) and (C) fundamentally changed the nature and scope of required discovery pertaining to experts and the 2015 amendments to Fed. R. Civ. P. 26(b)(1) fundamentally changed the scope of discovery by adding the requirement that discovery be proportional to the needs of the case.

ECF No. 217 at 12. Lupin's argument implies that Plaintiffs' requests are inconsistent with these amendments that have been in effect for 10–15 years. This is incorrect. Lupin also hopes that these amendments distinguish Plaintiffs' caselaw, strengthen Lupin's privilege objections, and bolster its proportionality argument—but they do not. And, all the while, Lupin says nothing of its ongoing obligation to supplement its discovery responses as required *under the same Rule*. Lupin's inflated reliance on these amendments fails for at least the following three reasons.

*First*, neither Rule 26(b)(4)(B)–(C) nor the December 2010 Amendments thereto—relating to the protection of expert report drafts and communications with a party's attorney and its expert—have any bearing on the instant dispute. Plaintiffs are not seeking any expert report drafts, communications between Lupin's counsel and Lupin's expert, or Lupin's communications regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rather, Plaintiffs are seeking information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* ECF No. 216 at 5–6 n.5. Plaintiffs also seek Lupin's communications—both

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 5

internally and with counsel—regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ which are probative of the issue of representativeness. *See* ECF No. 216-1 at Item Nos. 1(a)–(g).[2] In other words, Plaintiffs' requests seek fact discovery regarding ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *see infra* Section IV.B—not expert report drafts or communications between Lupin's counsel and Lupin's expert. For this reason, Lupin's attempt to distinguish away Plaintiffs' pre-December 2010 caselaw should be disregarded. Federal Rule of Civil Procedure 26(b)(4)(B)–(C) is inapplicable to the instant *fact* discovery dispute.

***Second***, Lupin overstates the significance of the December 2015 Amendment to Rule 26(b)(1) regarding the scope of permissible discovery in a case. While the 2015 Amendment added language regarding proportionality, discovery has long been subject to limits on burden. For example, the Advisory Committee Notes for the 2015 Amendment indicate that "[r]estoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26, Advisory Committee Notes to 2015 Amendment, Subd. (b)(1).In fact, "[t]he considerations that bear on proportionality [we]re moved from…Rule 26(b)(2)(C)(iii), slightly rearranged and with one addition." *Id.* (further noting that "[m]ost of what now appears in Rule 26(b)(2)(C)(iii) was first adopted in 1983"). For this reason, Lupin's attempt to dismiss Plaintiffs' pre-December 2015 caselaw should be disregarded. *See also Walls v. City of New York*, 502 F. Supp. 3d 686, 691 n.3 (E.D.N.Y. 2020) ("Contrary to Defendants' argument, the 2015 Amendments to Rule 26(b) did not represent a fundamental change in the existing scope of discovery such that cases pre-dating 2015 would be inapposite.").

***Third***, Lupin selectively delves into the amendment history of Rule 26 but nowhere acknowledges in its opposition brief its own duty to supplement, which is imposed by that same Rule. Lupin was required under Rule 26, Subsection (e)(1)(A) to supplement its discovery responses:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)
> —or who has responded to an interrogatory, request for production,
> or request for admission—must supplement or correct its disclosure
> or response:

---

[2] To the extent Lupin asserts that these requested communications are privileged, as explained previously, Lupin has waived privilege on all communications on the same subject ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* ECF No. 216 at 7-8. Partial waivers are not permissible if it disadvantages Plaintiffs by allowing Lupin to present a one-sided story to the Court. *Id.* At a minimum, any communications or documents that Lupin deems privileged should be disclosed on a log so that Plaintiffs may investigate Lupin's claim and so the Court may review the documents *in camera. See infra* at § IV.D.

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 6

>  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing… .

Fed. R. Civ. P. 26(e)(1)(A). Here, ███████████████████████████████ Lupin had a duty to supplement its document production ███████████████████████████████ But Lupin made no effort to supplement its discovery responses or even notify Plaintiffs ███████████████████████████████ Lupin violated Rule 26 by failing to comply with its duty to supplement.

### B. Lupin mislabels the discovery sought as "expert" discovery.

Lupin claims that everything Plaintiffs seek to compel constitutes expert discovery. This is incorrect. But by mislabeling the requested discovery as "expert" discovery, Lupin hopes to (1) capitalize on certain Federal Rules of Civil Procedure that provide protections for things such as expert report drafts and communications between a party's attorney and its expert, *see supra* § IV.A, and (2) argue Plaintiffs failed to comply with the Court's Order requiring a chart that "identifies the specific discovery items and information Plaintiffs contend should have been disclosed during fact discovery." *See infra* § IV.B (third point below); ECF No. 215. Lupin's approach fails for at least the following three reasons.

*First*, Plaintiffs seek discovery ███████████████████████████████ This discovery seeks *facts*, not expert opinions nor documents uniquely in its expert's possession. Lupin's self-serving declaration that this qualifies as expert discovery just because ███████████████████████████████ does not make it so. *See, e.g.*, ECF No. 217 at 1 (alleging that "all of the items that Plaintiffs request … pertain to expert discovery, not fact discovery"). Moreover, the fact that ███████████ ███████████████████████████████ does not make them immune. *See id.* at 1, 6, 9, 17, 18 (repeating five times that fact discovery closed on October 11, 2024). The fact remains that ██ ███████████████████████████████.[3] *Id.* at 6 (confirming "███████████████████ ███████████████████████████████; *id.* at 9 (confirming again that ███████ ███████████████████████████████ Lupin cannot refuse to provide relevant discovery on the basis of the fact discovery deadline passing, when ███████████████ ███████████████

---



[3] ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ It constitutes fact discovery. Hence, ██ ███████████████████████████████

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 7

*Second*, Lupin's argument that it "was not required to inform Plaintiffs in advance of its approach to expert discovery" misses the point. *See Id.* at 10 (citing Rule 26(b)(3)(A)–(B) and 26(b)(4)(B)–(C)). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ was not simply an "approach to expert discovery"; it resulted in the creation of materially new evidence that triggered its ongoing duty to supplement fact discovery under Rule 26(e)(1)(A). *See supra* § IV.A. Similarly, Lupin's argument that it produced the "facts" and "data" its expert considered and the assumptions its expert relied on pursuant to Rule 26(b)(4)(C) is not the dispute at hand. *id.* at 14; *see also id.* at 16.[4] Plaintiffs seek fulsome fact discovery ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Third*, Lupin's allegation that Plaintiffs' chart, *see* ECF No. 216-1, failed to comply with the Court's order requiring an identification of "the specific discovery items and information Plaintiffs contend should have been disclosed during fact discovery," *see* ECF No. 215, is misguided. As a threshold matter, Lupin's interpretation of the Court's Text Order grips onto the phrase "during fact discovery," and notes that fact discovery closed on October 11, 2024, and flippantly states that true compliance therefore "would have been [an] entirely blank" chart. ECF No. 217 at 9. Lupin's parsing of the Order's words in this manner is improper.[5] Factual evidence is not transformed into expert evidence because it is newly made after the close of fact discovery. To permit Lupin ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ after the cutoff while simultaneously precluding an opportunity for fulsome discovery would encourage strategic delay and gamesmanship by parties seeking to create and rely upon evidence that cannot be tested or subject to discovery.

### C. Lupin's proportionality objection is nonsensical given its representation that there is nothing left to produce.

Lupin's proportionality argument fails for at least the following three reasons.

*First*, Lupin's proportionality argument is illogical. Lupin openly declared that it "has nothing more to produce beyond what it has already produced." ECF No. 217 at 17; *see also id.* at

---

[4] Relatedly, Lupin attempts to distinguish *Supernus Pharmaceuticals, Inc. v. Twi Pharmaceuticals, Inc.* because it "involved [an] assertion of privilege over excipient selection that pertained to fact discovery, not expert discovery." *Id.* at 11 n.2 (citing *Supernus Pharms., Inc. v. Twi Pharms., Inc.*, 265 F. Supp. 3d 490, 516 n.11 (D.N.J. 2017)). Because Plaintiffs seek fact discovery, Lupin's attempted distinction is inapposite.

[5] This is not the only instance in which Lupin attempts to spin a Court order. For example, Lupin complains that Plaintiffs refused to amend their infringement contentions, but makes no mention that the Court ordered that it was not necessary given the pending expert discovery. *See* ECF No. 174; ECF No. 217 at 10.

G<small>IBBONS</small> P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 8

14 ("With respect to Plaintiffs' request for documents relating ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, Lupin has no additional documents to produce."); *id.* ("with respect to Plaintiffs' requests in Item Nos. 1(a)-(g) of their chart (ECF No. 216-1), Lupin does not have any written internal communications concerning any of those items"). But if there is nothing left to produce, then why does Lupin waste the Court's time arguing about proportionality? *See*, *e.g.*, *Id.* at 2.

**Second**, if Lupin has nothing more to produce, as it repeatedly states, there would be no reason to object on the basis of proportionality. Instead, it begs the question, what is Lupin withholding? For example, Lupin's qualified statements that it has already produced documents "that are in any way *proportional* to the needs of this case" suggest that it has not produced those documents or communications it unilaterally deems as not proportional to the needs of this case. *Id.* at 2–3 (emphasis added); *see also id.* at 16 ("Lupin … has produced all the information that is *proportional* to the needs of the case.") (emphasis added). Given that Lupin apparently considered documents regarding ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ to be "irrelevant and *not proportional*" and withheld them until April 4, 2025, it strongly suggests there may well be outstanding documents that Lupin is still unilaterally withholding. *Id.* at 9 (emphasis added); *see supra* § III.

**Third**, the proportionality inquiry takes into account the burden on the producing party. Fed. R. Civ. P. 26(b)(1) ("whether the burden or expense of the proposed discovery outweighs its likely benefit"). Lupin has objected on proportionality grounds, but it has made no showing of any burden whatsoever. Nor has it provided a proper and fulsome analysis of all proportionality factors. Hence, to the extent Lupin is withholding documents and communications on proportionality grounds, it has not made a proper showing that there is a lack of proportionality.[6]

### D. Lupin should be compelled to provide a privilege log for any withheld documents and communications.

Lupin should be compelled, at a minimum, to provide a privilege log for any withheld documents and communications regarding the Litigation Batch for the following reasons.

*First*, as previously referenced, Lupin has plainly asserted it "has nothing more to produce beyond what it has already produced." ECF No. 217 at 17. Plaintiffs fail to understand why Lupin has burdened the Court with an opposition argument against updating its privilege log if there truly

---

[6] Lupin claims that "Plaintiffs ma[de] no attempt in their letter brief to demonstrate a 'substantial need' for the protected discovery they request, as required by Fed. R. Civ. P. 26(b)(3)(A)(ii)." ECF No. 217 at 17. To the contrary, Plaintiffs' opening letter brief explains in detail why the requested discovery ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is both highly relevant and proportional, not least because Plaintiffs cannot obtain discovery regarding ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See* ECF No. 216 § II.

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 9

is "nothing more to produce." The argument itself suggests Lupin is withholding documents and communications on the basis privilege.

**Second**, Plaintiffs are not interested in expert report drafts, communications between Lupin's counsel and Lupin's expert, or Lupin's communications regarding the ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no need for Lupin to log these materials because they pertain to expert discovery, which is not at issue in this discovery dispute. Plaintiffs seek *fact* discovery (documents and communications) regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**Third**, as set forth in Plaintiffs' opening letter brief, *see* ECF No. 216 at 7, Lupin waived any privilege or work product protection (to the extent such protections applied) over these materials when it chose to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, if Lupin is withholding such fact discovery (documents and communications) regarding ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on the basis of privilege, the Court should compel production of these materials or at least compel Lupin to identify them on a privilege log so Plaintiffs have the opportunity to challenge those privilege claims.

**Fourth**, the fact remains that courts in this same jurisdiction have sanctioned ANDA defendants under similar circumstances. *See*, *e.g., Medeva Pharma Suisse A.G. v. Roxane Lab'ys, Inc*., No. 07-5165-FLW, 2011 WL 310697, at *19 (D.N.J. Jan. 28, 2011) (awarding attorney's fees, costs, and plaintiffs' reasonable expert fees for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In refusing to provide a privilege log, Lupin has improperly denied Plaintiffs the opportunity to challenge any privilege claims that Lupin asserts over documents and communications ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Medeva*, 2011 WL 310697, at *18 ("if Roxane intended to withhold information regarding the existence of the Concealed Lot based on the work product doctrine, it had an obligation to specifically notify Medeva that it was doing so by including an entry in its privilege log regarding same").

**Fifth**, Lupin fails to distinguish *Medeva*. Lupin posits that *Medeva* was argued under "old rules" in place "before the December 1, 2010 amendments to Fed. R. Civ. P. 26(b)(4)(B) and (C) which created a clear dividing line that recognized the privileged nature of drafts and communications pertaining to expert discovery." ECF No. 217 at 10–11 (citation omitted). This is irrelevant. Rule 26(b)(4)(B) and (C) pertain to expert report drafts and communications between a party's attorney and its expert—Plaintiffs seek neither. Plaintiffs seek *fact* discovery about the Litigation Batch itself. *See supra* § IV.A.

Lupin further claims the ESI Order entered in this case absolves it of any obligation to provide a privilege log, whereas *Medeva* did not involve such an ESI Order. ECF No. 217 at 11;

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 10

*id.* at 11 n.2. This argument likewise fails.[7] The ESI Order merely identifies certain "[d]ocuments or ESI *presumptively* not to be logged on a privilege log …," such as attorney work-product regarding this action. ECF. No. 57, ¶ 3(d)(ii) (emphasis added). However, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—is not exempt from privilege logging under the ESI Order. If these documents are not compelled outright, Lupin should, at a minimum, be required to provide a privilege log listing these documents that concern ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Nor is *Medeva* distinguishable because Medeva tested the "Concealed Lot" whereas Plaintiffs did not. ECF No. 217 at 11; *id.* at 11 n.2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The requested discovery is no less relevant because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

**E.   Lupin's accusation that Plaintiffs did not seek an extension ignores the realities of the expert discovery timeline.**

Lupin criticizes Plaintiffs for not delaying the expert discovery schedule and asserts that Plaintiffs should have sought an extension to the reply expert report deadline if Plaintiffs "truly felt they needed additional discovery." *See* ECF No. at 15. Lupin's argument is of no moment. Plaintiffs' expert, Dr. Blair, has already opined ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Additional facts from Lupin may further support Dr. Blair's opinion, in which case his report can be supplemented to incorporate the new discovery. Contrary to Lupin's suggestion, there is no requirement that Plaintiff call for a halt to expert reports to first resolve a discovery issue. Moreover, expert discovery is continuing to June 6, 2025, and Lupin's delay tactics should not be to their advantage.

**V.   LUPIN'S REFUSAL TO MAKE ITS RULE 30(B)(6) WITNESS AVAILABLE**

Lupin's refusal to make a Rule 30(b)(6) witness available to ▇▇▇▇▇▇▇▇▇ is untenable. Lupin designated Dr. Pritesh Upadhyay to speak on a number of topics on which ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is a central, relevant issue. Dr. Upadhyay's Topics include:

> **Topic 7:** "Any actions and analyses Lupin has taken, or has directed any others to take, to determine whether Defendants' ANDA

---

[7] Notably, the defendant in *Medeva* similarly "argue[d] that it was not obligated to log the existence of the Concealed Lot or any documents concerning same on its privilege log because the Concealed Lot was created after the Complaint in this matter was filed and there is no rule requiring an ongoing privilege log." *Medeva*, 2011 WL 310697 at *12. The court *still* sanctioned the defendant.

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 11

> Product and/or the amifampridine phosphate used in Defendants' ANDA Product does or does not contain any dimers of amifampridine phosphate;"
>
> **Topic 15:** "The factual basis for Lupin's assertions that Defendants' ANDA Product or its use will not infringe (including direct, joint, indirect, literal, or under the doctrine of equivalents) each asserted claim of the Asserted Patents;" and
>
> **Topic 16:** "The facts and circumstances relating to the testing conducted relating to the detection of the claimed dimer impurity in the API or ANDA Product, and the comparisons of Defendants' ANDA Product to FIRDAPSE® or to the Asserted Patents conducted by or on behalf of Lupin, including any attempts to copy or design around FIRDAPSE® or the Asserted Patents."

*See* Ex. 14 (Sept. 16, 2024 Letter from A. Lange).

███████████████████ is squarely at issue in each of Dr. Upadhyay's designated topics and the topics would be rendered largely meaningless if he cannot speak to ███████████████ ███████ For example, Topic 7 relates to Lupin's actions and analysis to determine non-infringement of its ANDA Product. ███████████████████████████████████████████████████ ████████████████████. Plaintiffs need the opportunity to investigate ████████████ █████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████. The discovery to date indicates that it is not. Topic 15—the factual basis for Lupin's assertions of non-infringement—likewise implicate ███████████████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ Topic 16—the facts and circumstances relating to the testing conducted relating to the detection of the claimed dimer— also squarely implicates ████████████████████████████

Lupin asserts that Plaintiffs delayed Dr. Upadhyay's deposition with "no legitimate justification," but that is manifestly incorrect, as ████████████████ is critical to several deposition topics. ECF No. 217 at 18. Lupin's assertion that Dr. Upadhyay had been "prepared to provide testimony on the full scope of the Rule 30(b)(6) topics on which he was designated" is also incorrect because Lupin refused to prepare him to testify on ████████████████████, which are fact discovery issues.[8] *Id.* at 19.

---

[8] Lupin relies on the statement from *Campos v. County of Orange* that "a Rule 30(b)(6) deposition would not be the appropriate vehicle to obtain expert discovery," ECF No. at 19 (quoting *Campos v. County of Orange*, No. 23-72-WLH-JDE, 2024 WL 4799880, *3 (C.D. Cal. Sept. 13, 2024) (citations omitted)), but Plaintiffs are not attempting to use Dr. Upadhyay's Rule 30(b)(6)

GIBBONS P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 12

Plaintiffs remain willing to conduct Dr. Upadhyay's deposition remotely provided that Lupin produces adequate discovery ▮▮▮▮, and further adequately prepares him to be deposed regarding the same.[9] If Lupin continues to refuse to make Dr. Upadhyay, a Rule 30(b)(6) witness, available to testify on the topics for which he was designated, which also ▮▮▮▮, then Lupin should be precluded from offering *any* evidence from a Lupin witness ▮▮▮▮.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order from the Court compelling Lupin to:

1.  Produce all documents and communications ▮▮▮▮ that fall within the following categories:

    a.  Documents concerning ▮▮▮▮;

    b.  Documents concerning ▮▮▮▮; and

    c.  Internal communications concerning ▮▮▮▮.

2.  Produce all the requested discovery that fall within the categories listed in Item 1 that Lupin contends is privileged; or, in the alternative, identify any allegedly privileged documents and communications ▮▮▮▮ on a privilege log and provide them to the Court for *in camera* review.

3.  Make Dr. Upadhyay available for his noticed Rule 30(b)(6) deposition and prepare him to be deposed regarding the full scope of his designated topics, which ▮▮▮▮.

---

deposition to acquire expert discovery. Moreover, in *Campos*, the plaintiff tried to compel a further Rule 30(b)(6) deposition after the fact discovery deadline. *Campos*, 2024 WL 4799880 at *2–*3. But here, Lupin has prevented Plaintiffs from taking the Rule 30(b)(6) deposition of Dr. Upadhyay for months because of its egregious discovery deficiencies and refusal to prepare Dr. Upadhyay to testify ▮▮▮▮.

[9] Lupin goes on at length (at 7, 18-19) that Dr. Upadhyay was in Chicago for his originally scheduled deposition, but it was Lupin that insisted on the deposition taking place in person in Chicago because the witness was planning to be there for that entire week. *See* Ex. 13 at 1 (Jan. 22, 2025 E-mail from A. Lange). And, significantly, Lupin rejected the possibility of a second deposition of Dr. Upadhyay. Out of consideration for not having to inconvenience Dr. Upadhyay with two depositions or having to move the Court to compel Lupin to produce him twice, Plaintiffs sensibly adjourned the deposition.

G<small>IBBONS</small> P.C.

**CONFIDENTIAL**
Honorable José R. Almonte, U.S.M.J.
April 14, 2025
Page 13

                Respectfully submitted,

                s/ Charles H. Chevalier
                Charles H. Chevalier

Attachments
cc:    Counsel of Record (via e-mail)